*E-FILED 10-07-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE WATTS, et al., | No. C09-02690 HRL |
| Plaintiffs, | **ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING ACTION WITHOUT PREJUDICE; AND (3) DENYING AS MOOT PLAINTIFFS' REMAINING MOTIONS** |
| v. | |
| THE SAN MATEO COUNTY COUNSEL, et al., | |
| Defendants. | **[Re: Docket Nos. 2, 5, 6, 8]** |

Pro se plaintiffs Jacqueline Watts and Inez Thompson filed the instant action, along with an application to proceed *in forma pauperis*.[1] Watts subsequently filed a "Motion to Add Another Defendant to All Cases,"[2] "Motion to Request a[n] ADR Unit," as well as a motion requesting "a Pro Bono Federal Court Lawyer." For the reasons stated below, plaintiffs' IFP application is granted, the complaint is dismissed without prejudice, and all other motions are denied as moot.

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, plaintiffs have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Defendants have not been served and therefore are not "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see also United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998).

[2] This is one of six cases filed between June 17 and July 16, 2009 which appear to relate to the same underlying events: C09-02696 EDL; C09-02719 RMW; C09-02720 JF; C09-03099 HRL and C09-03241 HRL.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Based upon the instant IFP application, it appears that plaintiffs do not have sufficient assets or income to pay the filing fee. Accordingly, the application to proceed without the payment of that fee is granted.

However, the court's grant of the IFP application does not mean that plaintiffs may continue to prosecute their complaint. A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Here, the gravamen of the complaint is that San Mateo County counsel allegedly engaged in fraud and theft by illegally seizing Watts' home and bank accounts and putting Watts in jail. The events in question appear to stem from state court proceedings concerning charges of elder abuse and embezzlement against Watts. The complaint does not raise a question of federal law sufficient to invoke jurisdiction under 28 U.S.C. § 1331 and does not provide a basis for diversity jurisdiction under 28 U.S.C. § 1332. In any event, the complaint is too conclusory to state a cognizable claim for relief.

Accordingly, the complaint is dismissed without prejudice. Plaintiffs' remaining motions are denied as moot.

SO ORDERED.

Dated: October 7, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:09-cv-2690 HRL Notice mailed to:

2  Jacqueline Watts
3  P.O. Box 213
   Palo Alto, CA 94302

4

5  Inez Thompson
   P.O. Box 213
6  Palo Alto, CA 94302

**United States District Court**
For the Northern District of California

3